WILL JENNINGS V. THE STATE.

No. 6614.    Decided January 25, 1922.

Rehearing Denied March 8, 1922.

1.—Carrying Pistol—Theory of Defense—Ownership of Pistol.

The crucial question of the instant case was not whether defendant owned the pistol but whether he carried one at the time, and the rejected evidence that the pistol was not his, but was loaned to him bore no such relation to this issue as rendered its exclusion harmful.

2.—Same—Conflict of Evidence—Question of Fact.

Where the conflict of the evidence as to the question whether the defendant carried said pistol on his own premises was settled by the jury, there was no reversible error.

3.—Same—Rehearing—Question of Fact.

Where the witness for the State testified positively to the fact that the defendant had the pistol, it was immaterial whether he got the same from under the bib of his overalls, or the waistband of his pants.

Appeal from the county court of Hopkins. Tried below before the Honorable Homer L. Pharr.

Appeal from a conviction of unlawfully carrying a pistol; penalty a fine of $100.·

The opinion states the case.

*Connor & Ramey*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The judgment condemns appellant to pay a fine of $100 for unlawfully carrying a pistol.

Without controversy, the facts show that appellant engaged in a difficulty with the witness Douglass. Whether it took place upon a strip of land belonging to appellant outside of his field or upon a public road was a controverted issue, as was also his use of the pistol in the altercation.

Douglass and two other eyewitnesses testified that the appellant used the pistol as a bludgeon in making the assault. This was denied by the appellant. He testified that he owned but one pistol and that about a year and a half prior to the difficulty this had been loaned by him to Holley, the constable, and had never been returned. He sought to corroborate this by Holley and another witness. The refusal of the court to admit their testimony upon this point is made the subject of complaint.

Its admissibility is not apparent. The case rests upon direct and not circumstantial evidence. There is no evidence tending to identify the pistol which he possessed at the time of the offense. The testimony that the pistol owned by him was in possession of Holley would have been circumstance to show that that particular pistol was not in his possession at the time of the fight with Douglass. The crucial question was not whether he owned the pistol but whether he had one at the time. The rejected evidence bore no such relation to this issue as rendered its exclusion harmful.

The conflict in the evidence touching the possession of the pistol at the time and concerning the question as to whether it was upon appellant's land has been passed upon by the jury. Its solution of the controversy is binding upon this court. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 8, 1922.

HAWKINS, JUDGE.—We have examined appellant's motion for rehearing in which our attention is called to the conflicting evidence of the State's· witnesses with reference to whether at the time appellant is charged with carrying the pistol he was on his own premises. We did not overlook this conflict in the testimony in our original opinion. We assume this qeustion was called to the attention of the jury and was settled adversely to appellant.

We do not regard the conflict in the testimony as to the exact place from which appellant is supposed to have secured the pistol, whether from under the bib of his overalls or the waistband of his pants, as being material. The witnesses for the State testify positively to the fact that he did have the pistol and that was the vital issue. We have again examined the record in view of the motion for rehearing and see no reason why we should reach a different conclusion than that announced in our original opinion.

The motion for rehearing is overruled.

*Overruled.*